PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL MÉNDEZ GONZÁLEZ, Defendant and Appellant.

No. 4115.   Argued May 23, 1930.—Decided June 27, 1930.

*José Veray, Jr.,* for appellant: *R. A. Gómez* for appellee..

Mr. Justice Hutchison delivered the opinion of the Court.

Manuel Méndez González was convicted of rape and says that the district court erred in permitting the prosecution to ask certain leading questions on direct examination of the prosecuting witness. Through natural modesty and embarrassment, this witness had exhibited a marked reluctance and unwillingness to state in unmistakable terms an essential fact. After request made by the district attorney and before granting such request, the district judge himself had endeavored without success to elicit the desired information. There was no abuse of discretion and therefore no reversible error, in permitting a resort to the usual and common-sense method of ascertaining the truth in such circumstances. 2 Wigmore on Evidence, paragraph 770, 774 and 778; *People* v. *Arenas,* 39 P.R.R. 14.

Another contention is that the district court erred in admitting testimony as to certain admissions of guilt, before the statement of the prosecuting witness had been corroborated. The answer is that the testimony of the prosecuting witness had been sufficiently corroborated, and the *corpus delicti* fully established, before the testimony as to these admissions was offered in evidence.

A third contention is that the verdict was contrary to the evidence. The contention is equally without merit.

A somewhat more plausible suggestion is that the trial judge erred in emphasizing the seriousness of the offense, while charging the jury. The judge was careful to preface his remarks by a plain statement that they had no reference to the guilt or innocence of the accused which was a question to be determined by the jury after weighing the evidence. Elsewhere he made it perfectly plain to the jury that they were the judges of fact. The instructions were fair and impartial. They do not disclose any disposition on the part of the trial judge to invade the province of the jury. Rape is a serious offense, and there was no reversible error in drawing the attention of the jury to that fact. *People* v. *Boria,* 12 P.R.R. 166 and *People* v. *Cruz,* 33 P.R.R. 195.

The judgment appealed from must be affirmed.